UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,
THE COMMONWEALTH OF MASSACHUSETTS, and
THE STATE OF NEW YORK, *ex rel.*
LAWRENCE KLEIN, RELATOR,

Plaintiff,

   v.                                          Civil Case No. 1:11-CV-35(DNH/RFT)

EMPIRE EDUCATION CORPORATION, and
DOES 1-50,

Defendants.

---

PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
<u>DEFENDANTS' MOTION TO DISMISS</u>

Respectfully submitted,

TULLY RINCKEY, P.L.L.C.
*Attorneys for Plaintiff*
Douglas J. Rose, Esq.
Bar Roll No. 501201
441 New Karner Road
Albany, NY 12205
Tel: (518) 640-1230
Fax: (518) 218-0496
Email: drose@tullylegal.com

<u>TABLE OF CONTENTS</u>

I.  SUMMARY OF ARGUMENT ...................................................................................1

II.  ARGUMENT ...........................................................................................................2

   A.  The Complaint for Damages and Other Relief Under the *False Claims Act* States a Valid Theory of Liability Under the Implied False Certification Theory of Recovery .......................2

   B.  The Complaint for Damages and Other Relief Under the *False Claims Act* Provides Sufficient Factual Detail to Satisfy Fed.R.Civ.P. 9(b) and 12(b)(6) ...........................................6

      1.  Applicable Fed.R.Civ.P. 9(b) Standard ...........................................................6

      2.  Applicable Fed.R.Civ.P. 12(b)(6) Standard.....................................................8

      3.  First Cause of Action for Violation of the Federal *False Claims Act*  – EEC Made Misrepresentations Regarding Transfer of Credit Policies.......................................9

      4.  Second Cause of Action for Violation of the Federal *False Claims Act* – EEC Made Misrepresentations Regarding the Nature of Empire's Educational Program and Made Misrepresentations Regarding Employment Statistics, Graduation Statistics and Other Information .............................................................................................................11

      5.  Third Cause of Action for Violation of the Federal *False Claims Act* – EEC Fraudulently Certified Grade Point Averages to Procure Federal and State Funding to Pay the Tuition of Students Who Would Otherwise Be Ineligible.............................................13

      6.  Fourth Cause of Action for Violation of the Federal *False Claims Act* – EEC Unlawfully Tied Student Recruitment to Adverse Employment Action................................15

      7.  Fifth Cause of Action for Violation of the Federal *False Claims Act* – Klein was Unlawfully Discharged in Retaliation for Engaging in Protected Activities.........................17

      8.  Sixth and Seventh Causes of Action for Violation of the Massachusetts *False Claims Act* and New York *False Claims Act* .....................................................................17

   C.  Klein Should Be Granted Leave to Replead if the Court Dismisses the Complaint or any Individual Cause of Action.......................................................................................18

III.  CONCLUSION.......................................................................................................19

<u>INDEX OF AUTHORITIES</u>

Cases

*Ass'n of Private Sector Colleges & Univs. v. Duncan*, 681 F.3d 427 (D.C. Cir. 2012) ................16

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007). .................................................8

*Diaz v. Kaplan Univ.*, 2011 U.S. Dist. LEXIS 91587 (S.D. Fla. Aug. 17, 2011) ..........................14

*Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993 (9th Cir. 2010) .......................................9, 10

*Ercole v. Lahood*, 2011 U.S. Dist. LEXIS 32753 (E.D.N.Y. Mar. 29, 2011). ...............................16

*Garcia v. Aspira of N.Y., Inc.*, 2011 U.S. Dist. LEXIS 41708 (S.D.N.Y. Apr. 13, 2011) ..............9

*Gold v. Morrison-Knudsen*, 68 F.3d 1475 (2nd Cir. 1995). ..............................................................6

*Harris v. City of New York*, 186 F.3d 243 (2nd Cir. 1999) ...............................................................8

*Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776 (4th Cir. 1999) ...............................5

*Hayden v. County of Nassau*, 180 F.3d 42 (2nd Cir. 1999). ............................................................18

*Johnson v. Univ. of Rochester Med. Ctr.*, 686 F.Supp.2d 259 (W.D.N.Y. 2010) .........................12

*Mooney v. Vitolo*, 435 F.2d 838 (2nd Cir. 1970). .............................................................................8

*Reddington v. Staten Island Univ. Hosp.*, 511 F.3d 126 (2nd Cir. 2007) ........................................8

*South Rd. Assocs. v. IBM*, 216 F.3d 251 (2nd Cir. 2000). ................................................................8

*U.S. ex rel. Lee v. Corinthian Colleges*, 655 F.3d 984 (9th Cir. 2011) ....................................15, 16

*United States ex rel. Feldman v. City of New York*, 808 F.Supp.2d 641 (S.D.N.Y. 2011) .............3

*United States ex rel. Jajdelski v. Kaplan, Inc.*, 2013 U.S. App. LEXIS 2990 (9th Cir. 2013).10, 11

*United States ex rel. Kirk v. Schindler Elevator Corp.*, 2013 U.S. Dist. LEXIS 24702 (S.D.N.Y. 2013). ........................................................................................................................................7, 18

*United States ex rel. Main v. Oakland City Univ.*, 426 F.3d 914 (7th Cir. 2005). ...........................5

*United States ex. rel. Mikes v. Straus*, 274 F.3d 687 (2nd Cir. 2001). ...............................................2

*United States ex rel. Sillman v. Weston Educ., Inc.*, 2012 U.S. Dist. LEXIS 175637 at **17 – 18 (W.D.Mo. Dec. 12, 2012)..........................................................................................................3

*United States v. Dialysis Clinic, Inc.*, 2011 U.S. Dist. LEXIS 4862 (N.D.N.Y. Jan. 19, 2011). ....7

*United States v. Univ. of Phoenix*, 461 F.3d 1166 (9th Cir. 2006). ............................................2, 4, 5

Regulations

34 C.F.R. § 668.14..................................................................................................................4, 15

 Statutes

20 U.S.C. § 1094 (2012). ........................................................................................................4, 15

## I.  SUMMARY OF ARGUMENT

Plaintiff/Relator, Lawrence Klein (hereinafter "Klein"), alleges in his *Complaint for Damages and Other Relief Under the False Claims Act* various violations of the federal *False Claims Act*, New York *False Claims Act*, and Massachusetts *False Claims Act* by the Defendants, Empire Education Corporation and its managerial employees (hereinafter collectively "EEC"). EEC's motion to dismiss challenges Klein's complaint on the grounds that the complaint fails to state a cause of action and fails to plead fraud with particularity and should therefore be dismissed. EEC's main contentions as to why Klein has failed to state a cause of action are: 1) that the complaint fails to allege non-compliance with a statute or regulation which is an express prerequisite to receiving payment from the federal government; 2) that adverse employment actions are not prohibited by the incentive compensation ban in the *Higher Education Act* (hereinafter "HEA"); and 3) that the claims under the New York *False Claims Act* and Massachusetts *False Claims Act* should similarly be dismissed because the allegations regarding the federal *False Claims Act* fail. EEC's main contentions as to why Klein has failed to plead fraud with particularity is that the complaint fails to allege any of the requisite factual predicate for a false claims action by not alleging facts supporting violations of the statutes or regulations underlying his claims, not indentifying any false certifications made to the government, and not identifying any claims for payment.

Klein will detail in the following memorandum why his complaint must survive EEC's motion to dismiss. In sum, Klein's complaint first states a valid theory of recovery under the implied false certification theory of liability. EEC's argument that a claim under the implied false certification theory is only valid if the statute is an express prerequisite to receiving payment from the federal government is nonsensical and would allow educational institutions to

flout the law at will. Secondly, Klein's complaint pleads factual details sufficient to satisfy Fed.R.Civ.P. 9(b) and 12(b)(6) as detailed in Section B of the *Argument* section. Thirdly, if the court grants EEC's motion to dismiss Klein's complaint or any individual causes of action, Klein should be granted leave to amend the complaint insofar as: (i) he has not previously amended his complaint; (ii) there would be no undue delay in allowing him to amend; (iii) there would be no bad faith or dilatory motive in allowing him to further amplify the complaint to allow further prosecution of this matter; (iv) amending the complaint would not be futile; and (vi) there would be no undue prejudice to the opposing party.

## II. ARGUMENT

### A. The Complaint for Damages and Other Relief Under the *False Claims Act* States a Valid Theory of Liability Under the Implied False Certification Theory of Recovery

EEC vigorously attacks Klein's complaint throughout its motion to dismiss on the grounds that the complaint fails to allege non-compliance with a statute or regulation which is an express prerequisite to receiving payment from the federal government.[1] Due to this alleged deficiency EEC argue that Klein's theory of liability is "legally insufficient" and that this alone requires dismissal of the complaint.[2] EEC's assertion that the statutes and regulations relied on by the Klein are conditions of participation in a federal program, rather than conditions of payment from the federal government, is a distinction without a difference.[3]

---

[1]     Docket No. 27 (*Memorandum of Law in Support of Defendants' Motion to Dismiss*), pp.5-10.

[2]     *Id.*

[3]     *See United States v. Univ. of Phoenix*, 461 F.3d 1166, 1176 (9th Cir. 2006); *see also United States ex rel. Sillman v. Weston Educ., Inc.*, 2012 U.S. Dist. LEXIS 175637 at **17 – 18 (W.D.Mo. Dec. 12, 2012).

To establish a claim under the federal *False Claims Act*, a plaintiff must show that the defendant (1) knowingly presented or caused to be presented to an officer or employee of the United States government a false or fraudulent claim for payment or approval; (2) knowingly made, used, or caused to be made or used, a false record or statement to get a false or fraudulent claim paid of approved by the government; or (3) conspired to defraud the government by getting a false or fraudulent claim allowed or paid.[4] There are multiple theories upon which a plaintiff may rely when seeking to prove a claim under the *False Claims Act*. The two main theories upon which a plaintiff may rely are (i) claims that are factually false and (ii) claims that are legally false.[5]

Factually false claims are those which arise when a party supplies an "incorrect description of goods or services provided or a request for reimbursement for goods or services never provided."[6] Contrastingly, legally false claims exist "where a party certifies compliance with a statute or regulation as a condition to governmental payment."[7] Such claims come in two varieties: (1) express false certification of compliance with a particular statutory, regulatory, or contractual term; and (2) implied false certification when the act of submitting a claim for reimbursement itself implies compliance with governing federal rules.[8]

Klein's theory of recovery in this action is that the EEC submitted legally false claims for payment in the form of student aid and/or loan disbursements that were received from the federal

---

[4]     *United States ex. rel. Mikes v. Straus*, 274 F.3d 687, 695 (2nd Cir. 2001).

[5]     *United States ex rel. Feldman v. City of New York*, 808 F.Supp.2d 641, 651 (S.D.N.Y. 2011).

[6]     *Id.*

[7]     *Id.*

[8]     *Id.*

government, the Commonwealth of Massachusetts, and the State of New York and by virtue of

EEC's execution of a Program Participation Agreement (hereinafter "PPA"), as required by

federal law[9], EEC's claims for payment impliedly and falsely certified that the Defendant

complied with the governing federal rules as required under the PPA.

The 9th Circuit Court of Appeals has expressly rejected the grounds upon which EEC

urges the Court to dismiss Klein's complaint. In *United States v. Univ. of Phoenix*, the Circuit

Court made it clear that in the context of Title IV and the HEA if "conditions of participation

were not conditions of payment, there would be no conditions of payment at all--and thus, an

educational institution could flout the law at will."[10] In that case, two former enrollment

counselors alleged that the defendant university falsely certified each year that it was in

compliance with an incentive compensation ban while intentionally and knowingly violating the

ban, thus making false claims under 31 U.S.C. § 3729(a)(1) and (a)(2). The Court explained why

the university's argument that its certification was a condition of participation rather than a

condition of payment, similar to EEC's argument in this case, is nonsensical:

> To see why this is so, one only need look at the University's
> semantic argument, in which it claims that for a condition of
> participation, an institution says it "'*will*' comply" with various
> statutes and regulations, but for a condition of payment, an
> institution says that it "*has* complied." This grammatical haggling
> is unmoored in the law, and it is undercut by the Program
> Participation Agreement itself. In the section that the University
> concedes contains conditions of payment--the section entitled
> "Certifications Required From Institutions"--the University agrees
> that it "will" or "shall" comply with various regulations no less
> than six times. Under the University's logic, these future-tense
> assertions could not be conditions of payment, and yet it concedes
> that they are. Its concession is correct; these, and all other promises

---

[9]    *See* 20 U.S.C. § 1094 (2012) and 34 C.F.R. § 668.14.

[10]   *United States v. Univ. of Phoenix, supra.*

> to comply with the Program Participation Agreement, are
> conditions of payment. These conditions are also "prerequisites,"
> and "the *sine qua non*" of federal funding, for one basic reason: if
> the University had not agreed to comply with them, it would not
> have gotten paid.[11]

The 9th Circuit distinguished the case from *United States ex. rel. Mikes v. Straus*, where the

condition of participation *versus* condition of payment distinction was first drawn and where the

reasoning was more specifically tailored to Medicare cases as opposed to HEA cases under the

*False Claims Act*, as in the case at bar.[12] Klein urges this Court to adopt the 9th Circuit's

reasoning and similarly distinguish and reject this unjustified distinction of condition of

participation *versus* condition of payment as outlined in *United States ex. rel. Mikes v. Straus.*

      EEC's additional argument that Klein's complaint should fail because he has not alleged

any specific claims for payment of federal funds should also be denied by this Court. EEC

submits that a claim under the *False Claims Act* can arise not when an application for a loan is

submitted, but rather only when a default occurs and reimbursement is sought from the

government.[13] EEC's argument here is again nonsensical, as it would create an opportunity for

an educational institution to flout the law at will. The levels of bureaucracy and paperwork in

submitting claims for the reimbursement of funds from the federal government are not what

matter in this context.[14] What matters is that a false statement or course of conduct causes the

government to "pay out money or to forfeit moneys due."[15] Klein has therefore alleged specific

---

[11]    *Id.*

[12]    *Id.* at 1177.

[13]    Docket No. 27 (*Memorandum of Law in Support of Defendants' Motion to Dismiss*),
p.23.

[14]    *United States ex rel. Main v. Oakland City Univ.*, 426 F.3d 914, 916 (7th Cir. 2005).

[15]    *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 788 (4th Cir. 1999).

claims for payment of funds in detailing EEC's participation in federal funding programs that provide students with government-guaranteed loans and government grants, specifically the Federal Pell Grant Program, the Federal Supplemental Educational Opportunity Grant Program, the Federal Perkins Loan Program, and the Federal Family Education Loan Program .

> B. The Complaint for Damages and Other Relief Under the *False Claims Act*
>    Provides Sufficient Factual Detail to Satisfy Fed.R.Civ.P. 9(b) and 12(b)(6)

EEC attacks Klein's complaint asserting that it is "littered with conclusory statements of the elements of an FCA claim, without pleading actual facts sufficient to support a cause of action."[16] EEC's assertion is itself a conclusion. EEC's argument can be refuted by a careful review of the pleading standards and the actual allegations of the complaint.

> 1. Applicable Fed.R.Civ.P. 9(b) Standard

Fed.R.Civ.P. 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud of mistake." Fed.R.Civ.P. 9(b) further provides that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Claims containing allegations of violations of the *False Claims Act* fall squarely within the scope of Fed.R.Civ.P. 9(b).[17] The *False Claims Act* has a liberal scienter requirement since no proof of specific intent to defaud is required to state a claim under it, which is in congruence with Fed.R.Civ.P. 9(b).[18] "To satisfy Rule 9(b), a plaintiff's complaint must (1) specify the statements that the plaintiff contends were fraudulent; (2) identify the speaker; (3)

---

[16]   Docket No. 27 (*Memorandum of Law in Support of Defendants' Motion to Dismiss*), p.11.

[17]   *Gold v. Morrison-Knudsen*, 68 F.3d 1475, 1476 – 77 (2nd Cir. 1995).

[18]   *Id.* at 1477.

state where and when the statements were made, and (4) explain why the statements were fraudulent."[19]

The purpose of the elevated pleading requirement in Fed.R.Civ.P. 9(b) is to allow a defendant to have fair notice of the plaintiff's claim, to safeguard a defendant's reputation from improvident charges of wrongdoing, and to protect a defendant against the institution of a strike suit.[20] "The degree of particularity required should be determined in light of such circumstances as whether the plaintiff has had an opportunity to take discovery of those who may possess knowledge of the pertinent facts."[21] The degree of particularity required under Fed.R.Civ.P. 9(b) is relaxed in situations where information is specifically within the opposing party's knowledge.[22] If information is specifically within the opposing party's knowledge, the plaintiff must include only the facts which support the theory upon which the belief is based.[23]

Klein has alleged facts sufficient to satisfy the heightened pleading standard required in Fed.R.Civ.P. 9(b), particularly given that a substantial amount of the facts are specifically and exclusively within EEC's knowledge, to wit, its transfer of credit policies, employment statistics, graduation statistics, grade point average records, records regarding an incentive payment system for recruitment, *etc.*

---

[19]   *United States ex rel. Kirk v. Schindler Elevator Corp.*, 2013 U.S. Dist. LEXIS 24702 at *25 (S.D.N.Y. 2013).

[20]   *Id., citing Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2nd Cir. 1994).

[21]   *Id.*

[22]   *United States v. Dialysis Clinic, Inc.*, 2011 U.S. Dist. LEXIS 4862 at *28 (N.D.N.Y. Jan. 19, 2011).

[23]   *Id.*

## 2. Applicable Fed.R.Civ.P. 12(b)(6) Standard

Fed.R.Civ.P. 12(b)(6) provides that a party may raise, as a defense to a claim for relief, that a plaintiff has failed to state a claim upon which relief may be granted. Notwithstanding EEC's assertion of this defense, Klein's complaint does not need detailed factual allegations to survive a motion to dismiss, but should rather contain grounds for his entitlement to relief using more than labels and conclusions and a formulaic recitation of the elements of a cause of action.[24] To survive a defendant's motion to dismiss, the complaint must "allege facts that, if true, would create a judicially cognizable cause of action."[25]

This Court must construe Klein's complaint liberally, dismissing the case only if "it appears beyond doubt that Klein can prove no set of facts in support of his claim which would entitle him to relief."[26] The pleading standard under Fed.R.Civ.P. 12(b)(6) is a liberal one, but "bald assertions and conclusions of law will not suffice."[27] It is also a well accepted practice in federal courts that "a litigant ought not to be denied his day in court merely on the ground that his complaint is inartfully drawn."[28] In considering a motion to dismiss this Court should accept all non-conclusory factual allegations as true and draw all reasonable inferences in favor of the

---

[24]   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007).

[25]   *South Rd. Assocs. v. IBM*, 216 F.3d 251, 253 (2nd Cir. 2000).

[26]   *Harris v. City of New York*, 186 F.3d 243, 250 (2nd Cir. 1999) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957)).

[27]   *Reddington v. Staten Island Univ. Hosp.*, 511 F.3d 126, 132 (2nd Cir. 2007) (citing *Leeds v. Meltz*, 85 F.3d 51, 53 (2nd Cir. 1996)).

[28]   *Mooney v. Vitolo*, 435 F.2d 838, 839 (2nd Cir. 1970).

plaintiff.[29] Klein's complaint contains detailed factual allegations of supporting the claims of various violations by EEC of the federal *False Claims Act*, the Massachusetts *False Claims Act*, and the New York *False Claims Act* under the implied false certification theory.  Klein's complaint suffices to survive EEC's motion to dismiss.

> 3.   First Cause of Action for Violation of the Federal False Claims Act –
> EEC Made Misrepresentations Regarding Transfer of Credit Policies

EEC argues that Klein does not allege any facts supporting violations of the statutes or regulations underlying his claim, and further argues that Klein's allegations that EEC made various misrepresentations such as statements to students regarding transferability of credits were plead in "vague and conclusory terms."[30] In response, Klein respectfully refers the Court to paragraphs 32 – 44 of his complaint, which he submits readily satisfy the pleading requirements as to this cause of action.

EEC further asserts that  Klein's complaint is plainly insufficient as it fails to demonstrate that any false or fraudulent statements were made by EEC, insofar as Klein does not identify the individual(s) who made any of those purportedly false representations, when the representations were made, the student(s) to whom the representations were made, how the representations were communicated to the unidentified listener(s) or receiver(s) of the representation, or any factual details to even show that the representations were false or fraudulent.[31] The 5th and 9th Circuit Courts of Appeals have each spoken to arguments in this vein and have applied a looser standard

---

[29]   *Garcia v. Aspira of N.Y., Inc.*, 2011 U.S. Dist. LEXIS 41708 at *7 (S.D.N.Y. Apr. 13, 2011).

[30]   Docket No. 27 (*Memorandum of Law in Support of Defendants' Motion to Dismiss*), pp.16-17.

[31]   *Id.*, p.17.

of pleading though in evaluating whether a *qui tam* relator's claims should be dismissed.[32] In

*United States ex rel. Jajdelski v. Kaplan, Inc.*, the Court reasoned that it is sufficient for a relator

alleging false claims to state "particular details of a scheme to submit false claims paired with

reliable indicia that lead to a strong inference that claims were actually submitted."[33] In *Ebeid ex*

*rel. United States v. Lungwitz*, the Court elucidated the requirements for a *qui tam* action to

survive a Fed.R.Civ.P. 9(b) motion to dismiss:

> To survive a Rule 9(b) motion to dismiss, a complaint alleging
> implied false certification must plead with particularity allegations
> that provide a reasonable basis to infer that (1) the defendant
> explicitly undertook to comply with a law, rule or regulation that is
> implicated in submitting a claim for payment and that (2) claims
> were submitted (3) even though the defendant was not in
> compliance with that law, rule or regulation.[34]

In this matter, Klein alleges first-hand experience of EEC's misrepresentations regarding

transferability of credits and EEC's failure to publicly disclose its transfer of credit policies in

violation of 20 U.S.C. § 1092(h).[35] Accordingly, Klein clearly alleges particularized details of

EEC's scheme to submit false claims with reliable indicia, thereby demonstrating a strong

inference that false claims were actually submitted. Klein asserts that misrepresentations were

made by EEC regarding transferability of credits by not disclosing its policies and managerial

employees making statements to prospective students that they may transfer "course credits

earned at the institution to other institutions, including community colleges" (which

---

[32]    *See United States ex rel. Jajdelski v. Kaplan, Inc.*, 2013 U.S. App. LEXIS 2990 at *4-5 (9th Cir. 2013). *See also Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998-99 (9th Cir. 2010) (quoting *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 190 (5th Cir. 2009)).

[33]    *Ebeid ex rel. United States v. Lungwitz, supra.*

[34]    *Id.* at 998.

[35]    Docket No. 1 (*Complaint*), ¶44.

representations are false), and then ties those misrepresentations to false claims submitted to the

government by virtue of its certification each year in the PPA to the Department of Education

(hereinafter "DOE").[36] According to the 9th Circuit, Klein's complaint satisfies the standards for

a *qui tam* action and should not be dismissed, insofar as Klein has identified which false claims

were submitted and has provided representative examples of false claims.[37] Since Klein has

pleaded with particularity a reasonable basis for the Court to infer that EEC undertook to comply

with federal law in certifying it was in compliance by submitting the PPA to the DOE and that

false claims were submitted to obtain funds or aid from the government, Klein's first cause of

action must survive, and EEC's motion to dismiss should be denied.

> 4. Second Cause of Action for Violation of the Federal False Claims Act –
>    EEC Made Misrepresentations Regarding the Nature of EEC's Educational
>    Program and Made Misrepresentations Regarding Employment Statistics,
>    <u>Graduation Statistics and Other Information.</u>

Klein's second cause of action for violation of the federal *False Claims Act* relates to

misrepresentations by EEC regarding the nature of EEC's educational program and its

employment statistics, graduation statistics and other information. Klein alleges in his complaint

that with regard to the nature of EEC's educational program, EEC made misrepresentations as to

the availability, frequency  and appropriateness of its courses and programs to satisfy the

employment objectives that it states it programs are designed to meet.[38]

With regard to EEC's misrepresentations regarding employment statistics, graduation

statistics, and other information, Klein specifically alleges that as of February 19, 2010, EEC

represented that "four out of five Mildred Elley graduates find rewarding positions in their

---

[36]   Docket No. 1 (*Complaint*), ¶¶34, 35, and 40.

[37]   *See United States ex rel. Jajdelski v. Kaplan, Inc.*, *supra* at *4.

[38]   Docket No. 1 (*Complaint*), ¶47.

chosen field after graduation", but that students who graduate from EEC's institution do not in fact find employment in their chosen field after graduation at a rate of eighty per cent (80%).[39] EEC's statements are therefore false and violative of federal law. More importantly, the statements become actionably fraudulent when the school signs a PPA stating that it is in compliance with federal law when submitting claims for payment in furtherance of the PPA.

EEC's attack on Klein's second cause of action similarly argues that Klein has not alleged the "who, what, when, or how" with respect to the misrepresentations, and that Klein has not pleaded any factual details demonstrating that the representations were false or fraudulent.[40] EEC's assertions regarding Klein's second cause of action are, once again, misguided.

Courts have relaxed the standards of Fed.R.Civ.P. 9(b) in particular contexts.[41] In certain circumstances where the necessary evidence of the essential elements of the claim are within exclusive control of a defendant, courts have allowed plaintiffs to plead "on information and belief" so long as there is a factual basis for that belief arising from plaintiff's direct, independent, firsthand knowledge.[42] Relaxed standards of Fed.R.Civ.P. 9(b) can also apply when the alleged fraud is "particularly complex, involves a large number of occurrences, or took place over an extended period of time.[43]

Given the unique circumstances of the case against EEC, this Court should apply a relaxed standard under Fed.R.Civ.P. 9(b). As an EEC employee, Klein worked in the position of

---

[39]     Docket No. 1 (*Complaint*), ¶69.

[40]     Docket No. 27 (*Memorandum of Law in Support of Defendants' Motion to Dismiss*), p.17.

[41]     *See Johnson v. Univ. of Rochester Med. Ctr.*, 686 F.Supp.2d 259, 266 (W.D.N.Y. 2010).

[42]     *Id.*

[43]     *Id.*

12

*Director of Career Services* at the Massachusetts campus from March 11, 2008, until his discharge on December 8, 2009.[44] While Klein was only in the employ of EEC for less than two years, the fraud was perpetrated by EEC from at least January 1, 2000, to the present; a period of more than a decade at the time this complaint was filed.[45] Accordingly, a great deal of time has elapsed since EEC has first started submitting false claims. The nature of the fraud is also complex due to the different levels of misrepresentations made in the form of employment statistics, graduation statistics, grades, *etc.*

Furthermore, due to the extended period of time elapsed and numerous amount of claims submitted by EEC to the federal government through the many students who have attended the school over a decade in order to receive loans and/or aid, the number of potential occurrences of false claims may be at such a high level that the Fed.R.Civ.P. 9(b) pleading standards should in this instant be relaxed. Since Klein has pleaded with particularity a reasonable basis for the Court to infer that EEC was not in compliance with federal law when it so certified by submitting the PPA to the DOE, and that false claims were thereby submitted for the purposes of obtaining funds or aid from the several governmental entities, Klein's second cause of action must survive EEC's motion to dismiss.

5.   Third Cause of Action for Violation of the Federal *False Claims Act* – EEC Fraudulently Certified Grade Point Averages to Procure Federal and State Funding to Pay the Tuition of Students Who Would Otherwise Be Ineligible.

Klein's third cause of action for violation of the federal *False Claims Act* relates to EEC fraudulently certifying grade point averages to keep students in school and eligible for the school to obtain federal and state funding. Klein alleges that under 20 U.S.C. § 1091 EEC must verify a

---

[44]     Docket No. 1 (*Complaint*) ¶ 3.

[45]     *See* Docket No. 1 (*Complaint*), Introductory Paragraph.

13

student's grade point average of a "C" or better in order to be eligible for funding under the

HEA. Klein has further alleged that EEC's managerial employees pressured EEC's instructors to

inflate the grades of students who were not maintaining a "C" average, and that those instructors

did in fact inflate those students' grades in response to EEC's pressure, such that those students

could maintain eligibility for funding while studying at EEC's institutions.[46] In so doing, EEC

was in violation of 20 U.S.C. § 1091 insofar as it falsely certified compliance with federal law

when executing the PPA and submitting claims for funding in furtherance of the PPA.

      EEC attacks Klein's third cause of action by arguing that in order for the court to sustain

an allegation of grade inflation, in this context, Klein must allege facts sufficient to show "any

specific student or students who were not attending class, not doing their work, or otherwise not

adequately performing but whom EEC certified were performing in order to receive student

loans.[47] This is not the law.

      The plaintiff/relators in *Diaz v. Kaplan Univ.* were professors, course developers, and/or

deans at the university alleged to have inflated grades.[48] Insofar as these plaintiffs were in a

position to have much closer supervision or control over grades, the *Diaz* Court reasoned that it

could be expected that they could have more knowledge of the specific facts and instances of

grade inflation, and could therefore plead with particularity regarding specific students not doing

work while the defendant certified adequate performance in order to receive student loans. In the

case at bar, however, Klein was employed by EEC as its *Director of Career Services* and, as

such, in his position he would not have close supervision or control over student grades or

---

[46]    Docket No. 1 (*Complaint*), ¶¶ 86, 87, and 92.

[47]    Docket No. 27 (*Memorandum of Law in Support of Defendants' Motion to Dismiss*), p.18
(citing *Diaz v. Kaplan Univ.*, 2011 U.S. Dist. LEXIS 91587, at *17-19 (S.D. Fla. Aug. 17,
2011)).

[48]    *Diaz v. Kaplan Univ.*, *supra*, at *4.

knowledge of the specific circumstances of grade inflation by professors at the behest of EEC's managerial employees.

For this reason, the relaxed Fed.R.Civ.P. 9(b) pleading standard should be applied for Klein's third cause of action, as well. EEC has exclusive control of the necessary evidence to support the factual underpinning of Klein's allegations of the essential elements of his claim. Notwithstanding, in this third cause of action Klein has again sufficiently alleged particular details of a scheme to submit false claims, paired with reliable indicia demonstrating a strong inference that false claims were submitted to the government and therefore this cause of action. Accordingly this third cause of action must survive EEC's motion to dismiss.

6. Fourth Cause of Action for Violation of the Federal False Claims Act – EEC Unlawfully Tied Student Recruitment to Adverse Employment Action.

In submitting its PPA to the United States government, EEC agreed that it would not provide any commission, bonus, or other incentive payment based directly or indirectly on success in securing enrollments or financial aid to any persons engaged in any student recruitment or admission activities.[49] Klein alleges in his complaint that EEC has consistently and routinely required its faculty members to be engaged in student recruiting and/or admission activities, and that EEC compensated or otherwise provided incentives based directly or indirectly on the faculty member's success in securing enrollments through student recruiting.[50] EEC argues for dismissal of this cause of action chiefly because adverse employment actions are permissible under the statute's terms.[51] The 9th Circuit Court of Appeals in *U.S. ex rel. Lee v.*

---

[49]    *See* 20 U.S.C. § 1094 (20); *see* 34 C.F.R. § 668.14 (a)(22).

[50]    Docket No. 1 (*Complaint*), ¶¶104, 106, and 109.

[51]    Docket No. 27 (*Memorandum of Law in Support of Defendants' Motion to Dismiss*), p.11. (citing *U.S. ex rel. Lee v. Corinthian Colleges*, 655 F.3d 984 (9th Cir. 2011)).

*Corinthian Colleges* may have reasoned that adverse employment action, including termination, is permissible under the HEA, but *Lee* did not address whether salary changes or other incentives are permissible.[52] Indeed, in *Ass'n of Private Sector Colleges & Univs. v. Duncan*, the D.C. Circuit Court of Appeals reasoned that *U.S. ex rel. Lee v. Corinthian Colleges* did not address salary adjustments under the HEA, and that it was not compelled to this holding as the decision is non-binding in that circuit.[53]

Similarly, in this matter, *U.S. ex rel. Lee v. Corinthian Colleges* is non-binding and should not be adopted with regard to violations of the HEA in the form of adverse employment actions through salary adjustments. Klein alleges that EEC compensated and provided incentives to faculty members based on recruitment and made salary adjustments to faculty members who would not participate in recruitment.[54] Since Klein has pleaded with particularity a reasonable basis for the Court to infer that EEC undertook to comply with federal law in certifying it was in compliance with the HEA's ban on incentive compensation by submitting the PPA to the DOE. Insofar as EEC was not in fact in compliance with that aspect of the PPA, such that false claims were submitted to obtain funds or aid from the government, Klein's fourth cause of action must survive EEC's motion to dismiss.

---

[52]   *U.S. ex rel. Lee v. Corinthian Colleges*, 655 F.3d 984, 992-993 (9th Cir. 2011).

[53]   *Ass'n of Private Sector Colleges & Univs. v. Duncan*, 681 F.3d 427, 444 (D.C. Cir. 2012).

[54]   Docket No. 1 (*Complaint*), ¶¶106 and 111.

7.  Fifth Cause of Action for Violation of the Federal False Claims Act – Klein was <u>Unlawfully Discharged in Retaliation for Engaging in Protected Activities</u>.

Klein's fifth cause of action alleges that he was discharged in retaliation for engaging in protected activities under the *False Claims Act*, 31 U.S.C. § 3730(h). Klein alleges facts with particularity facts surrounding his notification to EEC of its violations of the *False Claims Act* and that as a result of such notification Klein was placed on probation and eventually terminated on December 8, 2009.[56] While EEC challenges that adverse employment actions are not prohibited under the incentive compensation ban in the HEA, but does not challenge Klein's allegations that he was terminated for engaging in protected activity under 31 U.S.C. § 3730(h). Since EEC's motion papers do not challenge this issue, it appears that EEC does not oppose this cause of action. Klein has pleaded a valid cause of action with particularity and therefore, Klein's fifth cause of action must survive EEC's motion to dismiss.

8.  Sixth and Seventh Causes of Action for Violations of the <u>Massachusetts *False Claims Act* and New York *False Claims Act*</u>.

Klein's sixth and seventh causes of action allege violations of the Massachusetts *False Claims Act* and New York *False Claims Act*, respectively. EEC first argues that since Klein's claims under the federal *False Claims Act* fail, his state law claims should also fail. Since Klein has shown that his federal *False Claims Act* causes of action must survive the motion to dismiss, Klein's state law claims should similarly remain intact.

EEC's argument that Klein has not alleged that any claims for payment were submitted to New York or Massachusetts is baseless. Klein details with particularity in the complaint how EEC receives funds from the federal and state government by submitting false claims as a result

---

[56]   Docket No. 1 (*Complaint*), ¶¶ 120-128.

[58]   Docket No. 1 (*Complaint*), ¶¶ 6-7.

of violations of federal and state law while certifying in the PPA that they were in compliance. Specifically, Klein alleges that both the Commonwealth of Massachusetts and New York are named in the complaint because they have awarded funds or aid to Defendant as a result of the false claims detailed throughout the complaint.[58] Paragraphs 6 and 7 are both incorporated into the sixth and seventh causes of action. Klein's sixth and seventh causes of action therefore must also survive EEC's motion to dismiss.

### C. Klein Should Be Granted Leave to Replead if the Court Dismisses the Complaint or Any Individual Cause of Action.

Fed.R.Civ.P. 15(a) provides that the court shall freely give leave to amend pleadings when justice so requires. The court should only deny leave to amend pleadings when there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[60] If the court grants a motion to dismiss, "the usual practice is to grant leave to amend the complaint."[61] A decision to grant a motion to dismiss without allowing leave to amend the complaint must be predicated on a valid ground.[62] The plaintiff must be able to show that if given the opportunity to amend the complaint that he would be able to do so, such that, it would survive dismissal.[63]

---

[60]    *United States ex rel. Kirk v. Schindler Elevator Corp.*, *supra* at *9 (S.D.N.Y. 2013). *See also Ercole v. Lahood*, 2011 U.S. Dist. LEXIS 32753 at *52 (E.D.N.Y. Mar. 29, 2011).

[61]    *Hayden v. County of Nassau*, 180 F.3d 42, 53 (2nd Cir. 1999).

[62]    *Id.*

[63]    *Id.* at 53-54, *citing Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 76 (2nd Cir. 1998).

Klein represents that he has not previously amended his complaint, there would be no undue delay in allowing him to amend, and there would be no bad faith or dilatory motive in allowing him to further amplify the complaint to allow further prosecution of this matter. Further, amending the complaint would not be futile and there would be no undue prejudice to the opposing party. Klein can adduce and plead additional facts showing EEC's misrepresentations and fraudulent scheme, if necessary. Should the Court grant EEC's motion to dismiss in whole or in part, Klein respectfully requests that he be granted leave to amend his complaint pursuant to Fed.R.Civ.P. 15(a).

III.  CONCLUSION

For the foregoing reasons Klein respectfully requests that the Court deny EEC's motion to dismiss and grant him such other and further relief as it deems proper.

Dated: March 1, 2013                    LAWRENCE KLEIN

By his attorneys,

Douglas J. Rose, Esq.
Bar Roll No. 501201
Tully Rinckey PLLC
441 New Karner Road
Albany, NY 12205
Tel: (518) 218-7100
Fax: (518) 218-0496
Email: drose@tullylegal.com

19