UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA, THE
COMMONWEALTH OF MASSACHUSETTS,
AND THE STATE OF NEW YORK, EX REL.
LAWRENCE KLEIN, RELATOR,

                        Plaintiff,

v.                                      Civil Case No.  1:11-CV-35, DNH-RFT

EMPIRE EDUCATION CORPORATION, and
DOES 1-50,

                        Defendants.

# REPLY MEMORANDUM OF LAW IN
# SUPPORT OF DEFENDANTS' MOTION TO DISMISS

**HODGSON RUSS LLP**
*Attorneys for Defendants*
Daniel C. Oliverio, Bar Roll No. 517878
John L. Sinatra, Jr., Bar Roll No. 517861
Michelle L. Merola, Bar Roll No. 514446
Kevin J. Espinosa, Bar Roll No. 517877
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, NY  14202-4040
716.856.4000

# TABLE OF CONTENTS

PAGE

Preliminary Statement ...........................................................................................................1

Argument ................................................................................................................................1

    POINT I.    The Second Circuit Has Expressly Rejected Klein's Theory of Liability ....................................................................1

    POINT II.    Klein's Fourth Cause of Action Must Also be Dismissed Because Adverse Employment Actions are Not Prohibited .............................................................4

    POINT III.    Klein Does Not Identify Any Claims for Payment to New York or Massachusetts ............................................................5

    POINT IV.    Klein's Complaint Does not Satisfy Rule 9(b) ....................................6

        A.    Klein's Complaint Falls Short of the Rule 9(b) Pleading Standard .................6

        B.    Klein's Retaliatory Discharge Claim Suffers From the Same Flaws ..............8

    POINT V.    Klein's Request for Leave to Amend Should be Denied ................................................................9

Conclusion .............................................................................................................................10

## TABLE OF AUTHORITIES

PAGE

**FEDERAL CASES**

*Ashcroft v. Iqbal*,
   556 U.S. 662, 129 S.Ct. 1937 (2009) ........................................................................................5

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544, 127 S. Ct. 1955 (2007) ........................................................................................5

*Cusamano v. Sobek*,
   604 F. Supp. 2d 416 (N.D.N.Y. 2008) ......................................................................................10

*Faldetta v. Lockheed Martin Corp.*,
   2000 U.S. Dist. LEXIS 16216 (S.D.N.Y. Nov. 9, 2000) ............................................................9

*U.S. ex rel. Blundell v. Dialysis Clinic, Inc.*,
   2011 U.S. Dist. LEXIS 4862 (N.D.N.Y. Jan. 19, 2011) .....................................................2, 3, 6

*U.S. ex rel. Chapman v. Office of Children & Family Servs. of the State of New York*,
   423 Fed. Appx. 104 (2d Cir. 2011) .......................................................................................7, 10

*U.S. ex rel. Chapman v. Office of Children & Family Servs. of the State of New York*,
   2010 U.S. Dist. LEXIS 14938 (N.D.N.Y. Feb. 16, 2010), *aff'd*, 423 Fed. Appx. 104
   (2d Cir. 2011) ..............................................................................................................................6

*U.S. ex rel. Colucci v. Beth Israel Med. Ctr.*,
   785 F. Supp. 2d 303 (S.D.N.Y. 2011) ....................................................................................2, 3

*U.S. ex rel. Diaz v. Kaplan Univ.*,
   2011 U.S. Dist. LEXIS 91587 (S.D. Fla. Aug. 17, 2011) .......................................................4, 5

*U.S. ex rel. Graves v. ITT Educ. Servs., Inc.*,
   284 F. Supp. 2d 487 (S.D. Tex. 2003) .......................................................................................2

*U.S. ex rel. Johnson v. The Univ. of Rochester Med. Ctr., Strong Mem'l Hosp.*,
   686 F. Supp. 2d 259 (W.D.N.Y. 2010) ......................................................................................9

*U.S. ex rel. Lee v. Corinthian Colls.*,
   655 F.3d 984 (9th Cir. 2011) ......................................................................................................4

*U.S. ex rel. Mikes v. Straus*,
   274 F.3d 687 (2d Cir. 2001) ...............................................................................................1, 2, 3

*U.S. ex rel. Sarafoglou v. Weill Med. College of Cornell Univ.*,
   451 F. Supp. 2d 613 (S.D.N.Y. 2006) ........................................................................................9

*U.S. ex rel. Torres v. Kaplan Higher Educ. Corp.*,
    2011 U.S. Dist. LEXIS 94003 (S.D. Fla. Aug. 22, 2011) ............................................................5

*U.S. ex rel. Vigil v. Nelnet, Inc.*,
    639 F.3d 791 (8th Cir. 2011) .................................................................................................2, 3

*U.S. ex rel. Wood v. Applied Research Assocs., Inc.*,
    328 Fed. Appx. 744 (2d Cir. 2009) ..............................................................................................6

*Zuk v. Onondaga County*,
    2010 U.S. Dist. LEXIS 106558 (N.D.N.Y. Sept. 30, 2010) ......................................................10


**FEDERAL STATUTES**

20 U.S.C. § 1092(h) ...............................................................................................................................7

20 U.S.C. § 1094 ....................................................................................................................................3


**RULES**

Federal Rule of Civil Procedure 9(b) ............................................................................5, 6, 7, 8, 10

Federal Rule of Civil Procedure 12(b)(6) ..........................................................................................5

Local Rule of Civil Procedure 7.1(a)(4) ..........................................................................................10


**REGULATIONS**

34 C.F.R. § 668.81 *et seq.* ....................................................................................................................3

**PRELIMINARY STATEMENT**

The issue here is simple: Should this Court apply Second Circuit precedent that bars Klein's claims? Or, as Klein suggests, should this Court "reject" that binding precedent and, instead, apply a Ninth Circuit case to expand the scope of the False Claims Act ("FCA") beyond that permitted in this Circuit? The answer is clear. Klein's complaint must be dismissed.

**ARGUMENT**

**POINT I.     THE SECOND CIRCUIT HAS EXPRESSLY REJECTED KLEIN'S THEORY OF LIABILITY**

Klein acknowledges that he is proceeding solely on an implied false certification theory.[1] He also concedes that the statutes and regulations underlying his claims are not ***conditions to the payment*** of federal funds but, rather, ***conditions of participation*** in federal programs. An implied false certification FCA case, however, cannot be based on those statutes and regulations.

Klein argues that the key distinction between conditions of participation and payment ***made by the Second Circuit*** is "a distinction without a difference."[2] Klein urges this Court to "reject this unjustified distinction of condition of participation *versus* condition of payment as outlined in *United States ex rel. Mikes v. Straus*."[3] This Court may not do so.

The Second Circuit has made clear that "caution should be exercised not to read [the implied false certification] theory expansively and out of context."[4] The FCA should not be used by plaintiffs as a "'blunt instrument' to enforce compliance with all manner of regulations,

---

[1]     Docket No. 34-1 (Plaintiff's Memorandum of Law ("Plaintiff's Memo.")), at 1.

[2]     Docket No. 34-1 (Plaintiff's Memo.), at 2.

[3]     Docket No. 34-1 (Plaintiff's Memo.), at 5.

[4]     *U.S. ex rel. Mikes v. Straus*, 274 F.3d 687, 699 (2d Cir. 2001).

1

even if such regulations are unrelated to the government's payment decisions."[5]  Rather, the FCA is aimed solely at preventing fraud upon the Government—not remedying private wrongs.[6]

The Second Circuit in *Mikes v. Straus* was clear:  "[The] implied false certification [theory] is appropriately applied *only when* the underlying statute or regulation upon which the plaintiff relies *expressly* states the provider must comply *in order to be paid*."[7]  Courts outside the Second Circuit agree.[8]  In other words, a government contractor who happens to be in non-compliance with a conduct-governing statute or regulation *does not violate the FCA* merely by seeking payment at a time when it has a pending compliance issue.

Courts have applied *Mikes* in the context of education funding as well.  Specifically, one District Court held that the Program Participation Agreement (on which Klein exclusively relies) certifies compliance with statutes and regulations that create conditions of *participation* in federal programs and, thus, cannot serve as the basis for an FCA case.[9]  Similarly, the Eighth Circuit noted that, although the defendant may have violated federal

---

[5]  *U.S. ex rel. Colucci v. Beth Israel Med. Ctr.*, 785 F. Supp. 2d 303, 311 (S.D.N.Y. 2011); *see also Mikes*, 274 F.3d at 699 (requiring narrow interpretation of implied false certification theory so as to avoid broadening the FCA beyond its intended scope).

[6]  *Mikes*, 274 F.3d at 699; *U.S. ex rel. Blundell v. Dialysis Clinic, Inc.*, 2011 U.S. Dist. LEXIS 4862, at *45-46 (N.D.N.Y. Jan. 19, 2011).

[7]  *Mikes*, 274 F.3d at 700 (emphasis added); *Colucci*, 785 F. Supp. 2d at 311.

[8]  *U.S. ex rel. Graves v. ITT Educ. Servs., Inc.*, 284 F. Supp. 2d 487, 501 (S.D. Tex. 2003) (citing *Mikes*, 274 F.3d at 700, and *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 902-03 (5th Cir. 1997)) (the "distinction between generally certifying compliance with applicable regulations and statutes governing participation in a program, as opposed to certifying compliance with a particular requirement that is a prerequisite to receiving or retaining payment under that program" is an important one); *see also U.S. ex rel. Vigil v. Nelnet, Inc.*, 639 F.3d 791, 799-800 (8th Cir. 2011).

[9]  *Vigil*, 639 F.3d at 799-800; *see also Graves*, 284 F. Supp. 2d at 501.

regulations, those violations only jeopardize its continued participation in the programs, and do not create FCA liability.[10]

This Court, too, has noted the distinction recognized in *Mikes v. Straus*: "Conditions of participation, as well as a provider's certification that it has complied with those conditions, are enforced through administrative mechanisms, and the ultimate sanction for violation of such conditions is removal from the government program."[11] Stated differently, even accepting Klein's allegations as true, the appropriate remedy is an administrative one—not an FCA suit.[12] The FCA is not designed to enforce compliance with regulations, within the province of the Secretary of Education, that do not condition payment on compliance with them.

This Court should continue to follow the Second Circuit's clear directive "not to read [the implied false certification] theory expansively and out of context."[13] The False Claims Act cannot be used as a "blunt instrument" to enforce regulations and statutes unrelated to the payment of federal funds.[14] The distinction between conditions of participation and conditions of payment is not simply a matter of semantics but, rather, directly informs the issue whether the FCA applies in the first instance. Second Circuit law requires dismissal here.

---

[10] *Vigil*, 639 F.3d at 799-800.

[11] *Dialysis Clinic, Inc.*, 2011 U.S. Dist. LEXIS 4862, at *45 (quoting *Salina Reg'l Health Ctr.*, 543 F.3d at 1220).

[12] In fact, violations of the statutes and regulations relied on by Klein are addressed through administrative action. Specifically, 20 U.S.C. § 1094, which governs Program Participation Agreements, requires the Secretary of Education to prescribe regulations for the "limitation, suspension, or termination of the participation in any program…of an eligible institution, or the imposition of a civil penalty…whenever the Secretary has determined, after reasonable notice and opportunity for hearing, that such institution has violated or failed to carry out any provision of this title…." 20 U.S.C. § 1094 (2013). The Secretary has done so at 34 C.F.R. § 668.81 *et seq.*, which govern fines, limitations, and termination of participation. 34 C.F.R. §§ 668.81 – 668.98 (2013).

[13] *Mikes*, 274 F.3d at 699.

[14] *Colucci*, 785 F. Supp. 2d at 311; *see also Mikes*, 274 F.3d at 699.

3

### POINT II.   KLEIN'S FOURTH CAUSE OF ACTION MUST ALSO BE DISMISSED BECAUSE ADVERSE EMPLOYMENT ACTIONS ARE NOT PROHIBITED

In its opening memorandum, Empire Education made clear that "[e]ven as broadly construed, the [Higher Education Act] does not prohibit *any* and *all* employment-related decisions on the basis of recruitment numbers…. Thus, ***adverse employment actions, including termination, on the basis of recruitment numbers remain permissible under the statute's terms.***"[15]  In response, Klein argues two points:  (1) that *U.S. ex rel. Lee v. Corinthian Colleges* is a Ninth Circuit case that is ***not binding*** on this Court and, thus, should not be considered; and (2) that *Corinthian Colleges* does not address salary changes or other incentives.

The inherent conflict in Klein's positions is obvious.  Klein now contends that this Court should ***reject*** Ninth Circuit law on an issue for which there is no Second Circuit authority.  Simultaneously, Klein asks this Court to ***accept*** Ninth Circuit law on issues where the Second Circuit has held directly to the contrary.  Klein's framework is exactly backwards.

In any event, the Ninth Circuit, in *Corinthian Colleges*, affirmed dismissal of an FCA claim based on increased compensation to recruiters where the complaint did not allege that recruiting was the *sole* basis for those adjustments.  The HEA's safe harbor provisions allow for recruitment to be considered as a factor in compensation decisions.[16]  Accordingly, an institution only violates the HEA if compensation decisions are based ***solely*** on recruiting statistics, and no other factors.  The court in *U.S. ex rel. Diaz v. Kaplan Univ.* also made this clear by dismissing

---

[15]   *U.S. ex rel. Lee v. Corinthian Colls.*, 655 F.3d 984, 992-93 (9th Cir. 2011) (bold added).

[16]   *Id.* at 994-95.

4

an FCA case based on an incentive compensation theory where the relator alleged only that compensation decisions were made "primarily" on recruiting success.[17]

Moreover, Klein merely tracks regulatory language by alleging that "Empire [Education] compensated and otherwise provided incentives based directly or indirectly on the faculty member's success in securing enrollments through student recruiting."[18] Klein does not identify a single individual who was given an incentive based solely on recruiting or admission activities, when such incentive was given, or any other details of the purported incentive. In fact, Klein does not even identify a single individual whose compensation was adjusted or who was given any type of incentive, regardless of the reason.[19] Klein's conclusory allegations, without supporting factual allegations, are insufficient under Rule 12(b)(6).[20] For these very same reasons, Klein's fourth cause of action also fails under Rule 9(b).

### POINT III.   KLEIN DOES NOT IDENTIFY ANY CLAIMS FOR PAYMENT TO NEW YORK OR MASSACHUSETTS

Klein ignores the fact that his complaint does not contain any factual allegations showing that funds from New York State or Massachusetts were paid to Empire Education. Instead, Klein tracks the language of various statutes and makes conclusory statements that Empire Education has failed to comply. He does not allege any purported false certifications made to either state. Again, his threadbare allegations are insufficient under Rule 12(b)(6).

---

[17] 2011 U.S. Dist. LEXIS 91587, at *19-20 (S.D. Fla. Aug. 17, 2011); *see also U.S. ex rel. Torres v. Kaplan Higher Educ. Corp.*, 2011 U.S. Dist. LEXIS 94003, *12-13 (S.D. Fla. Aug. 22, 2011) (termination for failure to meet recruiting standards is permissible).

[18] Docket No. 1 (Complaint), ¶ 106.

[19] *See generally* Docket No. 1 (Complaint).

[20] *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S.Ct. 1937, 1940 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007).

### POINT IV.   KLEIN'S COMPLAINT DOES NOT SATISFY RULE 9(B)

Klein concedes that Rule 9(b) requires his complaint to "(1) specify the statements that the plaintiff contends were fraudulent; (2) identify the speaker; (3) state where and when the statements were made; and (4) explain why the statements were fraudulent."[21] With respect to an FCA claim, "the pleading must allege 'facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendant['s] allegedly fraudulent acts, when they occurred, and who engaged in them.'"[22]  And the plaintiff must "allege facts that give rise to a strong inference of fraudulent intent…."[23]

Klein does not attempt to allege actual facts to support his claims.  Instead, he argues that the pleading standard should be relaxed because "a substantial amount of the facts are specifically and exclusively within [Empire Education's] knowledge."[24]  This does not alleviate Klein's burden to allege facts sufficient to support a "***strong inference*** of fraud."[25]  Klein has failed to allege any facts to meet his burden.  His complaint fails under Rule 9(b).

### A.   Klein's Complaint Falls Short of the Rule 9(b) Pleading Standard

Klein's first cause of action alleges that Empire Education misled students with respect to its transfer of credit policy.  He alleges with a broad stroke that Empire Education defrauded the federal government "by not disclosing its policies and managerial employees

---

[21]   Docket No. 34-1 (Plaintiff's Memo.), at 7; *see also U.S. ex rel. Chapman v. Office of Children & Family Servs. of the State of New York*, 2010 U.S. Dist. LEXIS 14938, * 10-11 (N.D.N.Y. Feb. 16, 2010), *aff'd*, 423 Fed. Appx. 104 (2d Cir. 2011); *U.S. ex rel. Wood v. Applied Research Assocs., Inc.*, 328 Fed. Appx. 744, 747 (2d Cir. 2009) (*quoting Shields v. Citytrust Bancorp., Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994)).

[22]   *Chapman*, 2010 U.S. Dist. LEXIS 14938, at *10-11 (quoting *U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1357 (11th Cir. 2006)).

[23]   *Chapman*, 2010 U.S. Dist. LEXIS 14938, at *11 (quoting *Shields*, 25 F.3d at 1128).

[24]   Docket No. 34-1 (Plaintiff's Memo.), at 7.

[25]   *Dialysis Clinic, Inc.*, 2011 U.S. Dist. LEXIS 4862, at *36 (emphasis added).

6

making statements to prospective students that they may transfer 'course credits earned at the institution to other institutions.'"[26]  Klein claims to have "first-hand experience of [Empire Education's] misrepresentations regarding transferability of credits and [Empire Education's] failure to publicly disclose its transfer of credit policies in violation of 20 U.S.C. § 1092(h)."[27]  Yet Klein's "first-hand experience" does not include knowledge of the identity of even one single "managerial employee" who made such false statements, when the statements were made, or a single student to whom the statements were made.  Nor does Klein allege any facts to show that the statement was false when made or made with scienter — which requires dismissal.[28]

Klein's second cause of action alleges that Empire Education "made misrepresentations as to the availability, frequency and appropriateness of its courses and programs to satisfy the employment objectives that it states it [sic] programs are designed to meet."[29]  Klein contends that Empire Education's statement that "four out of five Mildred Elley graduates find rewarding positions in their chosen field after graduation" is false.[30]  Klein argues that Empire Education affirmatively manipulates its statistics for graduates.[31]  But he does not allege who, when, or how those statistics were manipulated, any other facts relating to the purported manipulation, or any facts from which scienter can be found.  Klein, instead, alleges conclusions and speculation — all insufficient to meet the heightened standard of Rule 9(b).

---

[26]  Docket No. 34-1 (Plaintiff's Memo.), at 10.

[27]  Docket No. 34-1 (Plaintiff's Memo.), at 10.

[28]  *U.S. ex rel. Chapman v. Office of Children & Family Servs. of the State of New York*, 423 Fed. Appx. 104, 105 (2d Cir. 2011).

[29]  Docket No. 34-1 (Plaintiff's Memo.), at 11.

[30]  Docket No. 34-1 (Plaintiff's Memo.), at 11-12.

[31]  Docket No. 1 (Complaint), ¶¶ 69-70.

Klein argues in his third cause of action that Empire Education pressures professors to inflate student grades and that those professors do, in fact, inflate student grades. Klein admits that he has no personal knowledge of any such scheme and is not aware of even one instance of inflation.[32] Klein argues, instead, that a relaxed pleading standard should be applied because he is not in a position to know the facts — the very facts on which he bases his claims.[33] That is, Klein admits that he has no knowledge of the claims he makes.

Even ignoring Klein's admission, his complaint, again, fails to meet the Rule 9(b) standard. Klein does not identify a single managerial employee who pressured a professor to inflate grades, a single professor who actually inflated grades, or any student whose grade was inflated. Nor does Klein allege when, where, or how such inflation occurred or any facts to support scienter. Even applying a relaxed pleading standard, Klein has not alleged a single *fact* to support his conclusion that grades were inflated by Empire Education to obtain federal funds.

## B.   Klein's Retaliatory Discharge Claim Suffers From the Same Flaws

In his fifth cause of action, for retaliatory discharge, Klein makes conclusory allegations that he notified Empire Education that it was not being truthful about the various broadly alleged issues in his complaint. Certainly Klein must know who, what, where, when, and how he informed Empire Education that it was not being truthful. Yet he has not alleged any of those basic facts to show that he can support the elements of a claim for retaliatory discharge,

---

[32]   *See* Docket No. 34-1 (Plaintiff's Memo.), at 14 ("Klein was employed by [Empire Education] as its *Director of Career Services* and, as such, in his position he would not have close supervision or control over student grades or knowledge of the specific circumstances of grade inflation by professors at the behest of [Empire Education's] managerial employees.").

[33]   Docket No. 34-1 (Plaintiff's Memo.), at 14-15.

8

namely, "(1) that he engaged in conduct protected under the statute, (2) that defendants were aware of his conduct, and (3) that he was terminated in retaliation for his conduct."[34]

Klein must also allege that he was terminated because of conduct "in furtherance of an action" under the FCA.[35] But he does not allege what notice he gave to Empire Education or that he was investigating a potential FCA claim. In other words, Klein has not alleged "that he engaged in conduct protected under the statute."[36] It is not protected conduct when "an employee merely investigates his employer's non-compliance with federal regulations."[37] He must have been terminated for conduct in furtherance of his FCA action. Simply put, it is not enough that Klein ultimately brought suit under the FCA. Rather, he must have taken steps in furtherance of the action that resulted in his termination. Klein's fifth cause of action for retaliatory discharge should be dismissed.

### POINT V.   KLEIN'S REQUEST FOR LEAVE TO AMEND SHOULD BE DENIED

Klein argues that he should be given leave to replead his deficient and factually unsupported complaint. Klein's argument is flawed for two distinct reasons: (1) leave to amend would be futile; and (2) Klein's request for leave to amend is not properly before the Court.

The Second Circuit has expressly rejected Klein's theory of liability in this case, namely an implied false certification claim based on violation of a regulation that is a condition

---

[34] *U.S. ex rel. Sarafoglou v. Weill Med. College of Cornell Univ.*, 451 F. Supp. 2d 613, 624 (S.D.N.Y. 2006).

[35] *Faldetta v. Lockheed Martin Corp.*, 2000 U.S. Dist. LEXIS 16216, *40 (S.D.N.Y. Nov. 9, 2000); *U.S. ex rel. Johnson v. The Univ. of Rochester Med. Ctr., Strong Mem'l Hosp.*, 686 F. Supp. 2d 259, 268-69 (W.D.N.Y. 2010) (dismissing retaliatory discharge claim where plaintiffs failed to allege that their complaints to management "were made in furtherance of" an FCA action, or that they were "part of an investigation" into fraud).

[36] *Sarafoglou*, 451 F. Supp. 2d at 624.

[37] *Faldetta*, 2000 U.S. Dist. LEXIS 16216 at *41.

9

of participation in federal programs. Klein cannot allege his way around this fatal deficiency. Any amendment is futile and, thus, Klein's request for leave to amend should be denied.[38]

Moreover, Klein has not properly placed his request for leave to amend before this Court. Klein must make a motion for leave, which he has not done.[39] His failure to make his request in accordance with the Federal Rules requires that it be denied.

Similarly, Klein has not complied with Local Rule of Civil Procedure 7.1(a)(4), which provides that "[a] party moving to amend a pleading pursuant to Fed. R. Civ. P. 14, 15, 19-22 **must attach an unsigned copy of the proposed amended pleading to its motion papers**" and must specifically set forth the proposed amendments by submitting "a red-lined version of the original pleading or other equivalent means."[40] The rule is designed "to enable the Court to examine the exact amendment that it is being asked to permit."[41] Absent a proposed amended complaint, this Court cannot examine the merits of any supposed amendments. Accordingly, Klein's informal request should be denied.

## CONCLUSION

The complaint here, based on a strained interpretation of the FCA that has been rejected by the Second Circuit, must be dismissed. Klein's complaint, moreover, is littered with conclusory statements that fail to allege any actual facts to support his claims. Accordingly, Klein's complaint should be dismissed under Rule 9(b) as well.

---

[38] *Chapman*, 423 Fed. Appx. at 105.

[39] *Id.*; *see also Zuk v. Onondaga County*, 2010 U.S. Dist. LEXIS 106558, * 83 (N.D.N.Y. Sept. 30, 2010) (requesting leave to amend in a response memorandum and without attaching the proposed amended complaint were "flagrant procedural errors").

[40] Local Rule of Civil Procedure 7.1(a)(4) (2013) (emphasis added).

[41] *Cusamano v. Sobek*, 604 F. Supp. 2d 416, 508 (N.D.N.Y. 2008).

Dated: March 11, 2013

        **HODGSON RUSS LLP**
        *Attorneys for Defendants*

        By:   s/ John L. Sinatra, Jr.
             Daniel C. Oliverio, Bar Roll No. 517878
             John L. Sinatra, Jr., Bar Roll No. 517861
             Michelle L. Merola, Bar Roll No. 514446
             Kevin J. Espinosa, Bar Roll No. 517877
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, NY 14202-4040
716.856.4000

11