UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

*****************************************
UNITED STATES OF AMERICA, THE
COMMONWEALTH OF MASSACHUSETTS,
AND THE STATE OF NEW YORK,
ex rel. LAWRENCE KLEIN, Relator,

              Plaintiffs,

    v.

EMPIRE EDUCATION CORPORATION,
AND DOES 1-50,

              Defendant.
*****************************************

Civil Action No.
11:CV-0035
(DNH/RFT)

### UNITED STATES' STATEMENT OF INTEREST IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Pursuant to 28 U.S.C. § 517,[1] the United States submits this Statement of Interest concerning certain portions of the Motion to Dismiss filed by Defendant Empire Education Corporation (Empire Education).

### INTRODUCTION

Plaintiff/Relator Lawrence Klein filed a qui tam action pursuant to the Federal False Claims Act, 31 U.S.C. §§ 3729-33. The United States declined to intervene in this action pursuant to 31 U.S.C. § 3730(b)(4)(B). Defendant Empire Education has filed a motion to dismiss.

Although the United States has not intervened in this case and is not a formal party, it remains the real party in interest in this action. *United States ex rel. Eisenstein v.*

---

[1] This provision authorizes the Attorney General of the United States to attend to the interests of the United States in any action in federal or state court.

1

*City of New York, New York*, 556 U.S. 928, 930 (2009). The False Claims Act , 31 U.S.C. § 3729 *et seq.*, is the United States' primary tool used to redress fraud on the government. As such, the statute should be read broadly to reach all fraudulent attempts to cause the government to pay out sums of money. *United States v. Neifert-White*, 390 U.S. 228, 233 (1968). Thus, the United States has a keen interest in the development of the law in this area and in the correct application of the law in this, and similar, cases.

Accordingly, the United States respectfully submits its position on certain aspects of the Defendant's Motion to Dismiss, specifically Empire Education's claim that Relator's complaint must allege non-compliance with a statute or regulation that is an express prerequisite to receiving payment from the federal government. The United States does not take a position on the overall merits of the Defendant's motion or on the other issues and arguments raised in Defendant's motion.

## ARGUMENT

In his Complaint for Damages and Other Relief Under the False Claims Act (Complaint), Relator alleges that Empire Education made false certifications to the U.S. Department of Education in the Program Participation Agreements submitted by the Defendants as mandated by Title IV of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1094 (HEA). Empire Education asserts that the "false certification" theory of liability presented by Relator is unsupportable by Second Circuit law and that the underlying violations of Title IV of the Higher Education Act alleged by Relator cannot provide a predicate for False Claims Act liability because the statute and supporting regulations do not expressly make compliance a condition of payment. *See* Memorandum of Law in Support of Defendant's Motion to Dismiss (Def. Mem.) at 5-10;

Reply Memorandum of Law in Support of Defendant's Motion to Dismiss (Reply Mem.) at 1-3.  Empire Education's claim is incorrect.

> A. <u>The False Claims Act Applies To Any False Claim or Statement To The Government, Not Just One That Is Specifically Referred To As A "Certification"</u>

A violation of the False Claims Act occurs when a person "knowingly presents, or causes to be presented" to the government "a false or fraudulent claim for payment or approval," 31 U.S.C. § 3729(a)(1), or "knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government," *id*. § 3729(a)(2).  No language in the FCA requires any type of "certification."  As the Supreme Court has explained, in enacting the False Claims Act, "Congress wrote expansively, meaning 'to reach all types of fraud, without qualification, that might result in financial loss to the Government.'"  *Cook County, Illinois v. United States ex rel. Chandler*, 538 U.S. 119, 129 (2003) (quoting *United States v. Neifert-White Co.*, 390 U.S. 228, 233 (1968)).

The touchstone for False Claims Act liability is not the presence of a false "certification," but rather the violation of a condition of payment.  Where the defendant violates a condition of payment, the defendant is not eligible to be paid, and when it nevertheless submits a claim for payment, that claim is properly rendered to be a false claim.  The False Claims Act question is whether the claims are "false" because some material condition of payment is not satisfied.  *See United States ex rel. Hutcheson v. Blackstone Medical*, 647 F.3d 377, 392 (1st Cir. 2011) (claim resulting from an illegal kickback is a false claim under the False Claims Act, regardless of any "certifications";

claim can be false even in the absence of any false certification or other misrepresentation solely on the defendant's violation of a condition of payment).

The Ninth Circuit's decision in *United States ex rel. Hendow v. University of Phoenix*, 461 F.3d 1166 (9th Cir. 2006), which similarly involved a False Claims Act claim for violations of the Higher Education Act, is squarely analogous to this case. The Ninth Circuit recognized that some formal "certification" is not necessary, explaining that section 3729(a)(1) does not contain any requirement of a false statement or certification. *Hendow*, 461 F.3d at 1172. And while section 3729(a)(2) requires the existence of a false statement, that statement need not be a false certification. Thus, the Ninth Circuit concluded:

> because the word "certification" does not appear in 31 U.S.C. § 3729(a)(1) or (a)(2), there is no sense in parsing it with the close attention typically attending an exercise in statutory interpretation. So long as the statement in question is knowingly false when made, it matters not whether it is a certification, assertion, statement, or secret handshake; False Claims liability can attach.

*Hendow*, 461 F.3d at 1172.

*Hendow* found that a false statement made by a school in its Program Participation Agreement provides a basis for False Claim Act liability, whether under either a "false certification" or a "promissory fraud" theory. *Id.* at 1174. The Seventh Circuit reached the same conclusion in *United States ex rel. Main v. Oakland City University*, 426 F.3d 914 (7th Cir. 2005). Thus, as in *Hendow* and *Main*, the type of claim that Relator asserts here is properly alleged under the False Claims Act.

B. <u>Program Participation Agreements constitute "Conditions of Payment"</u>

Empire Education argues that FCA liability cannot attach to claims arising under the Higher Education Act, on the grounds that the statutory and regulatory requirements agreed to in a Program Participation Agreement are merely "conditions of participation," and not "conditions of payment." Def. Mem. at 6-10. Empire Education is mistaken.

*Hendow* directly addressed this issue and found no distinction between "conditions of participation" and "conditions of payment" under the Higher Education Act. The Ninth Circuit found that under the Higher Education Act, Defendant's semantic argument about "conditions of participation" versus "conditions of payment" "is a distinction without a difference":

> In the context of Title IV and the Higher Education Act, if we held that conditions of participation were not conditions of payment, there would be no conditions of payment at all – and thus, an educational institution could flout the law at will.

*Hendow*, 461 F.3d at 1176. The Seventh Circuit found similarly in *United States ex rel. Main v. Oakland City Univ.*, 426 F.3d 914, 916 (7th Cir. 2005), recognizing that the Program Participation Agreement is "integral to a causal chain leading to payment," and thus may form the basis for FCA liability. *See also United States ex rel. Quinn v. Omnicare Inc.*, 382 F.3d 432, 442-43 (3d Cir. 2004) (finding that a Medicaid condition of participation was also a condition of payment); *United States ex rel. Conner v. Salina Reg'l Health Ctr.*, Inc., 543 F.3d 1211, 1222 (10th Cir. 2008) ("some regulations or statutes may be so integral to the government's payment decision as to make any divide between conditions of participation and conditions of payment a 'distinction without a difference'") (citing *Hendow*).

The rulings in *Hendow* and *Main* that the requirements of the Program Participation Agreement are conditions of payment are based solidly in the structure of the Higher Education Act.  In 20 U.S.C. § 1094(a), Congress mandated that an institution receiving funds under the HEA must certify its compliance with a list of requirements.  In cases where those requirements are not being met, the Department of Education is expressly authorized, *inter alia*, to take temporary "emergency action" to withhold funds from the non-compliant school if it so chooses.  20 U.S.C. § 1094(c)(1)(G); 34 C.F.R. § 668.83.  Likewise, Department of Education may impose prospective sanctions for violations of statutory requirements, including "the limitation, suspension, or termination of the participation" of the school in HEA eligibility, 20 U.S.C. § 1094(c)(1)(F); or civil penalties.  20 U.S.C. § 1094(c)(3)(B).  Simply put, without the Program Participation Agreement, an institution cannot receive Title IV funds.

Defendant cites the district court's ruling in *United States ex rel. Graves v. ITT Educ. Serv., Inc*., 284 F. Supp. 2d 487, 501 (S.D. Tex. 2003) in support of the distinction between "conditions of participation" and "conditions of payment," Def. Mem. at 7, but *Graves* erroneously overlooked the Department of Education's authority to withhold funds based upon non-compliance with PPA provisions, and incorrectly found that "the regulation does not expressly condition the delivery of disbursement of funds to ITT students on ITT's certification of compliance with this requirement."  *Graves*, 284 F. Supp. 2d at 501.

### C. Second Circuit Precedent is Not a Barrier to False Claims Act Liability

Defendant relies heavily on *United States ex rel. Mikes v. Straus*, 274 F.3d 687, 697 (2d Cir. 2001), for the proposition that False Claims Act liability can only exist for an implied false certification if the underlying statute, regulation, or contract term expressly conditions payment on compliance. Def. Mem. at 5-10; Reply at 1-3. The Court need not reach whether there was an implied certification in this case because Relator asserts an expressed false statement in the alleged violated Program Participation Agreement. 31 U.S.C. 3729(a)(1)(B); *see Hendow,* 461 F.3d at 1173 ("liability will attach to each claim submitted to the government under a contract, when the contract or extension of government benefit was originally obtained through false statements or fraudulent conduct").

In any event, *Mikes* is no barrier to liability here. Although *Mikes* refused to find liability based on a particular condition of Medicare program eligibility, the court did not purport to hold that *all* conditions of eligibility were outside the scope of the False Claims Act, but merely that the specific requirement at issue in that case did not also constitute a condition of payment. *Mikes*, 274 F.3d at 699-701 ("because the False Claims Act was not designed for use as a blunt instrument to enforce compliance with all *medical* regulations"; "we think a *medical provider* should be found to have implicitly certified compliance with a particular rule as a condition of reimbursement in limited circumstances"). As the Ninth Circuit found in *Hendow*, the Second Circuit's decision in *Mikes* was motivated in large part by considerations unique to the Medicare context and did not preclude a finding that the requirements contained in the Program Participation Agreement are both conditions of participation and payments. *Hendow*, 461 F.3d at 1177

7

("the *Mikes* court was dealing with the Medicare context, to which the court specifically confined its reasoning").  Indeed, *Hendow*—which was similarly premised on violations of an institution's Program Participation Agreement—found *Mikes* to be "completely distinguishable from the case before us."  *Id*.

Several courts have similarly declined to follow *Mikes* in False Claims Act cases that did not concern Medicare payment.  In *United States v. Sci. Applications Int'l Corp. (SAIC),* 626 F.3d 1257, 12701 (D.C. Cir. 2010), for example, the D.C. Circuit noted that *Mikes* was essentially limited to cases involving Medicare and held that the False Claims Act does not require expressly stated conditions of payment, because adopting such a rule could "foreclose FCA liability in situations that Congress intended to fall within the Act's scope."  And in *United States ex rel. Feldman v. City of New York*, 808 F. Supp. 2d 641, 653 (S.D.N.Y. 2011), the court declined to extend *Mikes* to a case involving Medicaid certifications that were not express conditions of payment, because the "unusual circumstances" of *Mikes* were not present and "the Second Circuit restricted its holding to FCA claims brought against 'a medical provider.'"  These courts have accordingly refused to limit False Claims Act liability for implied certifications to instances where the underlying statutory, regulatory, or contractual requirement is an express condition of payment.

Thus, nothing in *Mikes* is inconsistent with the view that the Program Participation Agreement mandated by the Higher Education Act is both a condition of eligibility and a condition of payment.  As with *Hendow*, this case does not concern Medicare or medical providers, and does not fit within the confines of *Mikes*.

Respectfully submitted,

STUART F. DELERY
PRINCIPAL DEPUTY ASSISTANT
ATTORNEY GENERAL

RICHARD S. HARTUNIAN
United States Attorney

Dated: March 19, 2013                By: /s/ Charles E. Roberts
                                     Charles E. Roberts
                                     Assistant United States Attorney
                                     Bar Roll No. 102454
                                     United States Attorney's Office
                                     P.O. Box 7198
                                     100 South Clinton Street
                                     Syracuse, New York 13261-7198
                                     Tel: (315) 448-0672
                                     E-mail: charles.roberts@usdoj.gov

Dated: March 19, 2013                By: /s/ Renée S. Orleans
                                     Michael D. Granston
                                     Renée Brooker
                                     Renée S. Orleans
                                     Attorneys, U.S. Department of Justice
                                     Civil Division
                                     Post Office Box 261
                                     Ben Franklin Station
                                     Washington, D.C. 20004
                                     Tel: (202) 514-4504
                                     E-mail: renee.orleans@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 19, 2013, I served the foregoing document via the Court's CM/ECF system on the following parties set forth in the Service List below.

/s/ Cami L. Greene
Cami L. Greene
Paralegal

SERVICE LIST

Attorney for Relator:

Douglas J. Rose
Tully, Rinckey Law Firm
441 New Karner Road
Albany, New York 12205
drose@tullylegal.com

Attorney for Plaintiff Commonwealth of Massachusetts:

Glen Kaplan, Chief, IFSD
Office of the Attorney General,
Commonwealth of Massachusetts
One Ashburton Place
Boston, Massachusetts 02108
glenn.kaplan@state.ma.us

Attorneys for Defendant:

John L. Sinatra, Jr.
Hodgson, Russ Law Firm-Buffalo Office
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York 14202-4040
jsinatra@hodgsonruss.com

Kevin J. Espinosa
Hodgson, Russ Law Firm-Buffalo Office
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York 14202-4040
kespinos@hodgsonruss.com

Michelle L. Merola
Hodgson, Russ Law Firm-Buffalo Office
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York 14202-4040
mmerola@hodgsonruss.com